IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

**IN RE HAYLEY T. ET AL.**

**Appeal from the Circuit Court for Coffee County**
**No. 132J      L. Craig Johnson, Judge**

_____

**No. M2012-00690-COA-R3-JV - April 2, 2013**

_____

The mother of two minor children appeals the order placing her children and a stepdaughter in the custody of the Department of Children's Services and limiting her to supervised visitation following a determination that the mother's husband severely sexually abused another child in the home and the determination that the children were dependent and neglected. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Christopher Brent Keeton, Manchester, Tennessee, for the appellant, Rebecca T.

Robert E. Cooper, Jr., Attorney General and Reporter, Alexander S. Rieger, and Douglas Earl Dimond, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**MEMORANDUM OPINION**[1]

Rebecca T., the mother of two minor children, Zabediah and Christian, appeals the trial court's order giving the Department of Children's Services temporary custody of her two

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

children and a daughter of Mother's husband, Kaitlyn, and restricting Mother to only supervised visitation with her children. Following a referral that Mother's husband (hereinafter "Father")[2] sexually abused Haley, one of his children from a previous relationship, Zabediah, Christian, Kaitlyn and Haley were placed in the custody of the Department. On June 16, 2010, the Department filed a petition in the Juvenile Court of Coffee County seeking to declare all the children in the household dependent and neglected and alleging that Haley was a victim of severe child abuse by Mother and Father.[3] After two days of hearings, on February 17, 2011, the juvenile court entered an order adjudicating the children dependent and neglected and finding that Father committed severe child abuse against Haley. Mother and Father appealed the juvenile court's order to the circuit court. A separate dispositional hearing occurred and the juvenile court awarded temporary custody of the children to the Department.

A de novo hearing was conducted before the circuit court over a period of four days. At the hearing, numerous witnesses testified including Mother, Father, the child protective services's investigator, Haley, and Haley's counselor. Haley testified to numerous instances of sexual abuse by Father. Her counselor testified that Haley was suffering from post-traumatic stress disorder from the abuse and suffered from blackouts and nightmares as a result. The eldest child of Father, Brianna, also testified to over four years of sexual abuse at the hands of Father.[4] The circuit court entered an order on February 16, 2012, finding that Haley was the victim of severe sexual abuse by Father and that all the children were dependent and neglected. The trial court found that Mother refused to accept that Brianna and Haley were the victims of abuse by Father, that Mother refused to believe the allegations of abuse, and that Mother did not show concern about future contact between the children and Father. While Mother and Father were living separately at the time of the hearing, Mother was reluctant to definitively end her relationship with Father. The court found the children would not be protected and, thus, subjected to harm if the children were returned to Mother's custody and, before Mother would be able to have residential custody of her children, she must understand the gravity of the situation. The court ordered the children into the custody of the Department and granted Mother supervised visitation and remanded the action to the juvenile court to monitor her progress. Mother appealed.

---

[2]Mother's husband is the father of four of the five children discussed in this opinion; he is not the father of Zabediah.

[3]Father did not appeal; thus, this appeal only addresses the issue as it pertains to Mother.

[4]Brianna was no longer a minor at the time of trial.

## ANALYSIS

Notably, Mother does not challenge the trial court's finding that Haley was severely abused or that the children were dependent and neglected. Instead, Mother asserts that the trial court violated her due process rights by ordering the children into the custody of the Department and only permitting her to have supervised visitation with the children.

Our review of the trial court's decision is de novo upon the record with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. 13(d); *In re A.T.P.*, No. M2006-02697-COA-R3-JV, 2008 WL 115538, at *4 (Tenn. Ct. App. Jan. 10, 2008).

We have thoroughly reviewed the record and find no error in the trial court's decision. The trial court was justifiably concerned with Mother's denial of Father's sexual abuse of Haley and Brianna. While Mother was living separately from Father and indicated that if she must, she would end her relationship with Father, her reluctance to end the relationship and her continued belief that there was no validity to the abuse allegations, was good reason for the children to be placed into the custody of the Department in order to safeguard them from future harm. Further, as the children were adjudicated dependent and neglected, a finding that Mother does not challenge in this appeal, the court was well within its authority to restrict Mother's custody pursuant to Tennessee Code Annotated § 37-1-130. Thus, we affirm the trial court's decision to place temporary custody of the children with the Department.[5]

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Department of Children's Services due to Mother's indigency.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[5]Mother also raised the issue of the admissibility of statements made by Haley to a family friend regarding Father's sexual abuse. We find the admissibility of these statements was harmless error as the substance of the statements was testified to by Haley herself later in the hearing. Further, as Mother does not challenge the finding of severe abuse or the finding that the children were dependent and neglected, this issue has little if any relevance in this appeal.